UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
                                      /

Case No. 11-cv-10910

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTION** (docket no. 17)**, ADOPTING REPORT AND RECOMMENDATION** (docket no. 16)**, DENYING LEAPHART'S MOTION FOR SUMMARY JUDGMENT** (docket no. 10)**, AND GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT** (docket no. 15)

The Social Security Administration ("SSA") denied disability benefits under Title II of the Social Security Act to Evan Leaphart in a decision issued by an administrative law judge ("ALJ") on February 26, 2009. The Appeals Council affirmed. Leaphart appealed the SSA's ruling by filing a lawsuit in this Court, pursuant to 42 U.S.C. § 405(g). The Court referred the matter to a magistrate judge, and the parties filed cross-motions for summary judgment. In a Report and Recommendation ("Report") issued on November 16, 2011, the magistrate judge recommended denying Leaphart's motion and granting the motion filed by the Commissioner of Social Security ("Commissioner").

Leaphart, who is representing himself in this matter, filed an objection to the Report. He argues that the magistrate judge's conclusion that Leaphart does not qualify for disability benefits was erroneous. The Court finds this objection lacks merit. Accordingly, it will adopt the Report, enter judgment in favor of the Commissioner, and dismiss this case.

**STANDARD OF REVIEW**

Recommendations on dispositive motions given by a magistrate judge are reviewed pursuant to Civil Rule 72(b). The district judge who referred the motion is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In this case, Monville objected to four specific findings made by the magistrate judge. Those findings will be reviewed de novo by the Court.

In an application for disability benefits, the burden lies with the applicant to establish an entitlement to benefits. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court only reviews the ALJ's determination to see if it is supported by "substantial evidence" and based on the proper legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679 (6th Cir. 1989). This standard gives great deference to the ALJ's conclusions. It is not the Court's role to displace the ALJ's weighing of the facts with its own view of the evidence unless the ALJ's view is completely unfounded. *See id.* ("We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence.").

**DISCUSSION**

The SSA denied Leaphart disability benefits at "Step 1" of the canonical five-step benefits-determination process because it determined he did not have "disability insured status," as required by statute. 20 C.F.R. § 404.130(a).[1] To obtain "disability insured status," an individual must work for a legally-prescribed period of time at a certain income

---

[1] The SSA also found that Leaphart did not meet the other requirement for disability benefits of being "fully insured," because he had not reached the age of twenty-one when he alleged his disability began. *See* 20 C.F.R. § 404.110; A.R. 4. The Court agrees, but because the Report focuses on "disability insured status," and resolution of that issue is sufficient to grant the Commissioner's motion, the Court will not discuss this issue further.

2

level so he can "pay into" the Social Security system through a tax on their income. The SSA measures an applicant's contribution by the quarterly credit, or "QC," method, which awards a maximum of four credits per year based on annual income. The SSA has four different rules for determining whether an applicant has earned enough QCs to obtain "disability insured status." Only two are relevant here,[2] and the Court will review them briefly to show that the ALJ and magistrate judge properly denied benefits to Leaphart.

Under Rule I, also known as the "20/40 Rule," an applicant qualifies for benefits if he has at least twenty QCs in the forty-quarter (or ten-year) period ending with the quarter in which he became disabled. 20 C.F.R. § 404.130(b). Leaphart became disabled in 1978. He earned one QC in 1972, 1973, and 1974, and three QCs in 1976. *See* A.R. 3, 41. This is not sufficient to reach the twenty QCs required, so Rule I is inapplicable.

Rule II applies to individuals like Leaphart who became disabled before the age of thirty-one. It makes an individual eligible for benefits if he qualified for a QC in one-half of the calendar quarters between his twenty-first and thirty-first birthdays. 20 C.F.R. § 404.130(c). But Leaphart became disabled *prior* to his twenty-first birthday. He turned twenty-one in 1979, but alleges a disability-onset date of 1978. A.R. 3. The early onset of Leaphart's disability therefore precludes him from claiming insured status pursuant to this rule.

## CONCLUSION AND ORDER

The Court finds that the Report's reasoning and conclusions are sound. Accordingly, it will grant the Commissioner's motion for summary judgment, deny Leaphart's motion, and dismiss this case.

---

[2] Rule III covers individuals who had a "closed" period of disability prior to age 31, and then became disabled again at a later date. 20 C.F.R. § 404.130(d). Rule IV covers statutorily blind individuals. *Id.* § 404.130(e).

**WHEREFORE**, it is hereby **ORDERED** that Leaphart's objection (docket no. 17) is **OVERRULED** and the Report (docket no. 16) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (docket no. 15) is **GRANTED**, and Leaphart's motion for summary judgment (docket no. 10) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 19, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 19, 2011, by electronic and/or ordinary mail.

Carol Cohron
Case Manager